[No. 2813.    June 23, 1924.]

STATE v. McKINLEY.

SYLLABUS BY THE COURT.

1. Where property is stolen in one county, and, while the larcenous intent continues, is carried or driven into or through another county, a fresh and complete crime of larceny is committed in the latter county, upon which a prosecution may be maintained.

2. An intent to steal is an element which must be inferred by the jury from the facts and circumstances es-

tablished upon the trial. Such an inference may be drawn from facts showing that property is taken in one county and driven through several others and kept for ten or twelve days before it is found and retaken by its owner.

3. A motion to quash an indictment reaches only such defects or irregularities as appear upon the face of the record and not extraneous facts or matters dehors the record, as these must be presented by a plea in abatement.

4. A penal statute which makes it criminal to do a certain thing in different ways charges but one offense, and an indictment in a single count may charge that such crime was committed in each of the specified ways, so long as they are not repugnant and where the conjunctive "and" is used in place of the disjunctive "or" in the statute, and the proof is sufficient, if it establishes the commission of the crime in any one or more of the specified methods.

5. A indictment charging larceny of live stock need not affirmatively charge the nonconsent of the owner, although such must be proven either directly or circumstantially.

Appeal from District Court, Valencia County; Owen, Judge.

Lester McKinley was convicted of the larceny of horses, and he appeals. Affirmed.

W. C. Heacock, D. Jackson Melton, and Dennis Chavez, all of Albuquerque, for appellant.

M. J. Helmick, Atty. Gen., and J. W. Armstrong, Asst. Atty. Gen., for the State.

OPINION OF THE COURT.

BRATTON, J. Appellant was convicted upon an indictment charging him with the larceny of six head of horses belonging to M. A. Bullington. He received a sentence of not less than three nor more than three and one-half years in the penitentiary, from which he prosecutes this appeal.

[1] 1. The sufficiency of the evidence to establish venue is drawn in question, it being contended that there is no evidence which directly or circumstantially proves that the offense occurred in Valencia county. The evidence establishes that the horses ranged in a large pasture belonging to one Yeast, the northern portion of which lay in Valencia county and the south-

ern portion in Socorro county. By witnesses who tracked these animals it was positively shown that they were taken out of this pasture by being driven through the northern part of it and out through a gate which was situated in Valencia county. Assuming, therefore, that the horses were originally taken in Socorro county, yet when they were driven into and through Valencia county, with the felonious intent to steal still existing, a fresh and complete crime of larceny occurred there, upon which a prosecution could be predicated, as under the law, where property is stolen in one county and is taken or driven into and through other counties, with the larcenous intent still existing, a new and complete larceny is committed in each and all of said counties. In Territory v. Harrington, 17 N. M. 62, 121 Pac. 613, this court, through Justice Hanna, said:

"We are clearly of the opinion that where the original taking of the thing, upon which the charge of larceny is predicated, was at a place without the jurisdiction of the trial court, but within the state, and the thing was brought into the county within its jurisdiction, the intent to steal continuing, the thief carrying away the goods becomes guilty of a complete larceny in every county or locality into which he takes them while his intent to steal continues."

Governed by this rule, the evidence, affirmatively showing that the place at which the animals in question were driven out of the pasture where they had ranged was in Valencia county, sufficiently established the venue.

[2] 2. It is next argued that there is no evidence establishing an intent to steal these horses. This is an element which must, of necessity, be proven by circumstantial evidence, as it is a mental process which is incapable of direct proof, but must be inferred from the facts and circumstances established. The facts here are that these horses were taken from their pasture in Valencia county; that they were driven through Bernalillo, Sandoval, Santa Fe, and Rio Arriba counties, and finally into a pasture situated in Taos county belonging to appellant's brother, where

they were found by their owner some ten or twelve days after they were missed. A guilty intent is a matter of inference, the existence of which is a matter for the jury to determine. State v. Blacklock, 23 N. M. 251, 167 Pac. 714. These facts and circumstances were clearly sufficient to warrant the jury in finding that such intent accompanied the taking of these animals.

[3] 3. Appellant interposed a motion to quash the indictment upon the theory that he had been indicted in another case then pending upon the docket of the trial court, charging him with the larceny of some horses belonging to P. A. Yeast, which the state contended were taken at the same time and as a part of the same transaction as the theft of the horses in question, and that, by so proceeding, the state was attempting to place him twice in jeopardy for the same offense and to punish him twice for one and the same violation of law. A stenographic transcript of the evidence taken at the preliminary hearing was attached to this motion for the purpose of establishing the state's contention that all of the horses, that, is, those belonging to Bullington and those belonging to Yeast, were taken at the same time. Without discussing the merits of these questions, it is sufficient to say that they cannot be presented by a motion to quash. Such a motion can raise only such defects or irregularities as are apparent upon the face of the record and not extraneous facts or matters dehors the record, as these must be presented by a plea in abatement. State v. Davisson, 28 N. M. 653, 217 Pac. 240.

[4] 4. In the motion to quash, the indictment was further attacked as being duplicitous. It was drawn under chapter 123, Laws 1921, and, omitting the formal parts, it charged:

"That Lester McKinley, late of the county of Valencia, in the state of New Mexico on the twenty-first day of May in the year of our Lord one thousand nine hundred twenty-two at the county of Valencia in the state of New Mexico, aforesaid, six head of horses of the property, goods, and chattels of M. A. Bullington, then and there being, did

unlawfully, knowingly, and feloniously steal, take, lead,
drive and carry away, and did then and there, thereby, de-
prive the said owner of the immediate possession of said
horses contrary to the form of the statute in such case
made and provided, and against the peace and dignity of
the state of New Mexico."

We are unable to share the view urged by counsel
for appellant, as we see no objection to the manner
in which the offense is charged. Where a penal
statute makes it criminal to do a certain thing in dif-
ferent ways, an indictment based thereon may charge
in a single count that the defendant did the forbidden
thing by all of the specified means, so long as the
means are not repugnant and where the conjunctive
"and" is used where the statute uses "or", and such
a count is not duplicitous, and the proof at the trial
may establish any of the means charged. This form of
indictment has been universally adopted in this state,
and has been approved during territorial days, as
well as since statehood. Territory v. Eaton, 13 N. M.
79, 79 Pac. 713; Territory v. Harrington, 17 N. M.
62, 121 Pac. 613. See, also, Territory v. McGrath, 16
N. M. 202, 114 Pac. 364.

[5]   5. It is lastly contended that the indictment
is defective because it fails to charge that the animals
were taken without the consent of the owner. The
nonconsent of the owner is not required by the terms
of the statute. This is true, because the words "steal
drive, lead, and ride away" necessarily imply that such
was done without the consent of the owner. At com-
mon law the nonconsent of the owner was not a mat-
ter to be expressly charged in the indictment, but was
one of defense. Indeed, the proof should show, either
directly or by circumstances, the nonconsent of the
owner in order to support a conviction, because other-
wise no larceny would be proven. This is a matter of
proof, however, and need not be affirmatively charg-
ed in the indictment. In State v. Parry, 26 N. M. 469,
194 Pac. 864, the contention was made that it was
necessary for an indictment which charged the killing
of neat cattle to expressly charge the nonconsent of
the owner. The statute then in force was section 1613,

Code 1915, of which the statute now in force, and under which the indictment in question was drawn (chapter 123, Laws 1921), is amendatory, the language in this respect, however, being unchanged, and it was there held to be unnecessary for the indictment to affirmatively allege such nonconsent. We quote the following from that decision:

"It appears that nonconsent of the owner to the killing of an animal is not, in terms, required by the statute. The offense, by the terms of the statute, consists in knowingly killing the animal of another. There is, however, a necessary implication that the killing must be done without the owner's consent, because otherwise the act would be entirely lawful. The lack of consent is what renders the act unlawful under the statute. In this respect the offense is identical with larceny at common law.

"At common law the consent of the owner to the taking was a matter of defense, and nonconsent need neither be pleaded nor proved. 3 Bish. New Crim. Pro. (2d Ed.) § 752A. This was necessarily so because the words 'take, steal and carry away,' which characterized larceny, necessarily imply a taking without the consent of the owner. In showing the taking, stealing, and carrying away, evidence was always forthcoming to establish, at least circumstantially. the nonconsent of the owner. But a showing of nonconsent of the owner has always been necessary in order to convict of larceny, because otherwise no larceny would be established."

What was said there is controlling here, and forecloses the question against appellant's contention.

There is no error in the record, and the judgment should therefore be affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.