STATE OF IOWA, Appellee, v. EARL SMITH, Appellant.

**LARCENY:** Elements—**Distinguished from Embezzlement.** An employee is guilty of larceny if, when he receives his master's property into his possession, he then intends to steal it. If such intent is subsequently formed, he is guilty of embezzlement.

**LARCENY:** Consent to Taking—**Collusion Between Employees.** When goods are in the mere custody of a servant who is not actually or apparently authorized to pass the possession to another, his consent to the taking will not prevent the taking from being larceny; and especially when the custodian and taker collude in the taking.

**LARCENY:** Evidence—**Identification of Exhibit.** Exhibits held to be properly identified as the property stolen.

Headnote 1: 20 C. J. pp. 410, 436; 36 C. J. p. 771. Headnote 2: 36 C. J. p. 759. Headnote 3: 36 C. J. p. 906.

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

MARCH 17, 1925.

REHEARING DENIED JUNE 25, 1925.

DEFENDANT was indicted by the Polk County grand jury, charged with larceny of property in the value of over $20. He was tried to a jury, convicted, and sentenced to Fort Madison. Defendant appeals.—*Affirmed.*

*Theodore Mantz,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

ALBERT, J.—Briefly stated, the defendant was employed by the Miller Grocery Company, as a teamster. The evidence tends to show that, about the time charged in the indictment, the defendant took from the place of business of the Miller Grocery Company a large carton of Camel cigarettes, of the value found by the jury to be $57.50.

Two questions are raised in the case. The first is that there was no evidence of the wrongful taking of the property of the said company; and second, that the carton of cigarettes was not

1. LARCENY: elements: distinguished from embezzlement.

properly identified, so as to permit it to be in evidence in the case. Some stress is laid in argument on the law governing both propositions; but, without stopping to review the authorities, we think that one material difference between larceny and embezzlement is the question of intention. That is to say, when the property came into the possession of the defendant, if at that very time he had an intention to steal the same, this is larceny. *State v. Minor,* 106 Iowa 642; *State v. Dobbins,* 152 Iowa 632; *Grin v. Shine,* 187 U. S. 181, at 196. If, when the property came into his possession, he had no intention of stealing it, but the intent to take and convert it to his own use arose after it came into his possession, this would be embezzlement. *Tredwell v. United States,* 266 Fed. 350, at 352.

In addition to this intent, there must be a taking of the property: that is, there must be a trespass to make larceny. Where

the goods are in the mere custody of a servant or other person

2. LARCENY: consent to taking: collusion between employees.

who is not actually or apparently authorized to pass the possession, his consent to a taking will not prevent the taking from being larceny, especially if the custodian colludes with the taker in the theft. 36 Corpus Juris 759. If the possession was obtained by fraud, artifice, or deceit, even though with the consent of the owner, this would make larceny, all the other elements being present. *State v. Dobbins,* supra.

Briefly stated, the evidence in the case shows that, at the time in question, the defendant, who was a teamster, went to the third floor of the company's building, and had an interview with one Leiniger, who had charge of the tobacco department there located. He requested the said Leiniger to put this carton of cigarettes into a barrel and cover the same with rubbish, which was done; and the barrel containing said cigarettes and the rubbish was then taken by the defendant to his wagon, and hauled to the city dump. After the dumping of the rubbish, the carton of cigarettes was returned to the barrel by the defendant, and hauled by him to the company barn, where he was apprehended by the officers, and the property in question was found. To this evidence is added the admission of the defendant to officers and to some other witnesses in the case, that he took this carton, and that he had taken a number of other cartons of cigarettes from the plaintiff's place of business; that he had a stool pigeon sell the same, to whom he paid a commission, or with whom he divided the profits. This, to our minds, is sufficient evidence of taking and what his intention was at the time he took the carton of cigarettes, to take the question to the jury.

In the trial, the carton of cigarettes was offered in evidence; and the claim of the defendant is that it was not properly identified. One of the officers, Howard by name, who ar-

3. LARCENY: evidence: identification of exhibit.

rested the defendant with the carton of cigarettes in his possession, testifies that he took the carton to the station and locked it in the office of the chief of detectives. It was then used before the grand jury; and there can be no doubt, under the evidence of both the officers and the manager of the grocery company, the testimony

of Impson, the assistant manager, and Leiniger, the man who placed the box of cigarettes in the barrel, that the exhibit was sufficiently identified to take it to the jury. In fact, the objection made by the defendant to the exhibit when offered, does not point out this particular objection, except in a general way; but if it did, it would be unavailing to the defendant, because, under the evidence, we feel that it was properly admitted.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.