**STATE of Iowa, Appellee,**

v.

**James AOSSEY, Appellant.**

**No. 54754.**

Supreme Court of Iowa.

Oct. 18, 1972.

Rehearing Denied Jan. 10, 1973.

Martin R. Dunn, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and William Faches, Linn County Atty., for appellee.

Submitted to MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS, and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal from a conviction of larceny involves the sufficiency of the evidence and pretrial discovery.

The jury could find the facts to be these. Defendant Aossey, who owned the Starlite Lounge in Cedar Rapids, Iowa, was acquainted with Ronald R. Rugger, an employee in a Hy-Vee grocery store in that city. Rugger had no authority to take merchandise from the store for the purpose of selling or giving it away or to be in the store after closing time.

On the night in question, the store closed at 9:00 p. m. Sometime after 11:00 p. m., defendant and Rugger went to the store in defendant's van-type truck, carried out approximately $400 worth of merchandise, and placed the merchandise in the truck. Defendant drove the truck to the driveway of his home. Two police officers on patrol observed the incident, obtained a search warrant, searched the truck, seized the merchandise, and arrested the two men.

Rugger gave the police a written statement. In it he stated he had been assistant manager of the store for the past four

years, he became acquainted with defendant at the latter's lounge, defendant asked him if the store was bugged to set off an alarm and Rugger said it was not, defendant flashed large sums of cash and asked Rugger if he wanted to make some money, defendant proposed that Rugger obtain cigarettes and other items from the store and defendant would pay him half of the retail value, Rugger did so on two previous occasions and defendant paid him, defendant proposed on the night in question that the two get more merchandise and they did so, and they were subsequently apprehended.

In due course, defendant was charged with larceny and Rugger was also charged. Before introduction of evidence at defendant's trial, defendant moved for production of Rugger's statement. A hearing was held. The trial court then overruled the motion.

The trial went forward. At the conclusion of the evidence, defendant moved for a directed verdict. The basis of the motion, in defense counsel's words, was that "taking the property of another, here a corporation, without the owner's consent, that we do not feel has been established." The trial court overruled the motion, the jury found defendant guilty, the trial court pronounced sentence, and defendant appealed.

Defendant assigns two errors: the evidence was insufficient to establish larceny, and Ruggers' statement should have been produced for defendant's inspection.

I. *Sufficiency of Evidence.* In his argument on the first assigned error, defendant appears to raise three issues: whether defendant could be convicted of larceny as distinguished from embezzlement, whether the evidence was sufficient to show the merchandise was taken without the owner's consent, and whether the evidence showed the requisite criminal intent on defendant's part.

■ As to the first issue, assuming without deciding that Rugger could only be guilty of embezzlement, defendant could nevertheless be convicted of larceny if Rugger did not have authority to let defendant take the merchandise. State v. Smith, 200 Iowa 338, 202 N.W. 511; 50 Am.Jur.2d Larceny § 24 at 177; 52A C.J.S. Larceny § 22 at 443–444.

■ As to the second issue, Mr. DeMoss, the store manager, and Mr. Stenzel, his assistant, testified in substance that no store employee had authority to do what Rugger did here, and indeed that no employee except the manager had authority even to be in the store after closing time. The jury could find from this evidence alone that the owner did not consent to the taking of the merchandise.

■ As to the third issue, defendant could not be convicted of larceny unless he intended to steal. Did the State generate a jury issue on intent?

If Rugger did not have authority to let defendant take the merchandise but defendant believed Rugger did have authority and defendant took the merchandise in that belief, the essential mens rea would be missing. In this connection defendant argues he thought Rugger was assistant manager of the store and had authority to do what was done on the night in question.

The argument taxes credulity to the limit. Ordinarily, a customer does not obtain his groceries from an assistant manager by backing up a truck to a closed store late at night, loading out 90 cartons of cigarettes, hams and assorted meats, a case of crackers, and other articles in similar quantities to a value in all of $400, and hauling off the merchandise to the driveway of his home. These facts demonstrate a strong jury case for the prosecution on the intent issue.

We cannot uphold defendant's first assigned error.

II. *Production of Statement.* We do not have a Jencks' problem here, as Rugger was not a witness at the trial. We have a problem of pretrial production of a statement of a person who participated in the acts charged.

Our principal decision on pretrial discovery of documents and other material in criminal cases is State v. Eads, 166 N.W. 2d 766 (Iowa). See also State v. Schlater, 170 N.W.2d 601 (Iowa); State v. Niccum, 190 N.W.2d 815 (Iowa). Such material may be divided into two kinds—that which exculpates a defendant, and other material.

 The State may not suppress requested statements which are materially exculpatory. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. The Eads case must be read, of course, in the light of Brady and also Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706. Rugger's statement was highly inculpatory. But if, as defendant contends, we view those parts of it as exculpatory in which Rugger claimed that he was assistant manager and that he had been paid for previous participation in taking merchandise, we find the issue of production to be moot, for at trial the State's witnesses acknowledged those matters. The object of production was thus accomplished. Rosenberg v. United States, 360 U.S. 367, 79 S.Ct. 1231, 3 L.Ed.2d 1304.

On the other hand; if we view Rugger's statement as not exculpatory we reach the same result, for then, under Eads, the State was not required to produce it (although we encourage prosecutors to produce material voluntarily when the interests of the prosecution will not be detrimentally affected). The court did say in Eads (166 N.W.2d at 774), "We do not foreclose the possibility that a defendant may be entitled to a particular statement upon showing it is necessary to his proper defense"—citing State v. White, 260 Iowa 1000, 151 N.W.2d 552 (police-radio re-

cordings—entrapment defense). We have no such situation here.

Defendant's second assigned error cannot be sustained.

We find no reason to overturn the verdict and sentence.

Affirmed.