523 P.2d 26

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Michael Arthur RHEA, Defendant-Appellant.**

**No. 1364.**

Court of Appeals of New Mexico.

April 3, 1974.

Rehearing Denied April 26, 1974.

Certiorari Denied June 4, 1974.

**292**

Chester H. Walter, Jr., Chief Public Defender, Pedro G. Rael, Sp. Asst. Appellate Defender, Donald Klein, Jr., Associate Appellate Defender, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Jane E. Pendleton, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of larceny in excess of $100 but less than $2500. Section 40A–16–1, N.M.S.A.1953 (2d Repl. Vol. 6). The issues concern: (1) evidence of "stealing;" (2) instruction on intent; and (3) a statement made by defendant.

*Evidence of "stealing."*

Charlotte, an employee of the Triangle Lounge, as part of her duties, took money from the cash registers and put it into two money bags. Defendant drove up to the drive-in window of the Lounge. "He asked me [Charlotte] for the money and told me to put it in a sack. . . . I put it in the sack, as he told me, and I gave it to him." Neither threats nor force were used. Charlotte testified she handed the money over out of "fear" of defendant. After defendant left, Charlotte contacted the police and told them a false story about an armed robbery. Later, at the police station, she told the "truth."

Larceny consists of stealing anything of value which belongs to another. Section 40A–16–1, supra. "Stealing" implies a taking without consent. State v. McKinley, 30 N.M. 54, 227 P. 757 (1924). Larceny requires an unlawful taking from the possession of the owner. State v. Curry, 32 N.M. 219, 252 P. 994 (1927).

Defendant contends there was no larceny because Charlotte had custody of the money and she consented to the taking of the money. We disagree.

Charlotte had actual physical custody of the money, but the money belonged to the Triangle Lounge. The evidence is undisputed that Charlotte had no authority to take the money from the Lounge or to give the money to anyone. Actual physical custody in the owners of the Triangle Lounge was not necessary for the owners to be in possession of the money. The following is from an instruction held to be a correct statement of law in State v. Curry, supra:

> " ' . . . when one leaves property at any place without any intent to abandon and relinquish his ownership therein, one taking such property from such place takes the same from the possession of the owner although the actual custody thereof may not be in the owner at that particular time of larceny.' "

Defendant's contentions are directed toward the nature of Charlotte's actions rather than his own actions. We are not concerned, in this case, with the propriety of Charlotte's actions, but with what defendant did. Even if Charlotte were in collusion with defendant and turned the money over to defendant willingly, she had no authority to hand over the Lounge's money. Absent such authority, there was no consent by the owners of the Lounge and defendant took money from the possession of the Lounge unlawfully. This was larceny on his part. State v. Aossey, 201 N.W.2d 731 (Iowa 1972), cert. denied, 412 U.S. 906, 93 S.Ct. 2292, 36 L.Ed.2d 971 (1973).

*Instruction on intent.*

"The criminal intent necessary for larceny is the intent to permanently deprive the owner of his property." State v. Puga, 85 N.M. 204, 510 P.2d 1075 (Ct.App.1973). Defendant asserts the trial court failed to instruct the jury that the intent must be to *permanently deprive* the owner. In support of this contention, he relies on a portion of the "material allegation" instruction which refers to an intent to deprive the owner of *immediate possession.* On this basis, he asserts the trial court failed to instruct as to the requisite intent.

There was no such failure. A subsequent instruction stated that the intent necessary for larceny was an intent, at the time of taking the property, to permanently deprive the owner thereof.

■ Even though the "material allegation" instruction failed to refer to the intent to *permanently* deprive, that omission was corrected by the subsequent instruction. State v. Turner, 81 N.M. 450, 468 P.2d 421 (Ct.App.1970). See State v. Gunzelman, 85 N.M. 295, 512 P.2d 55 (1973). Instructions are sufficient if, considered as a whole, they fairly present the issues and the applicable law. State v. Paul, 83 N.M. 619, 495 P.2d 797 (Ct.App. 1972). The instructions on intent, considered as a whole, were sufficient.

*Statement made by defendant.*

Defendant was arrested at approximately 5:00 A.M. A coat and one of the money bags were found in the motel room where the arrest occurred. Defendant was given the "Miranda" warnings when arrested.

Defendant was taken to the police station and again advised of his constitutional rights. At the police station, the second money bag was found in the coat. Defendant was asked if he wanted to talk. According to Detective Mallory, defendant advised that he did not want to talk.

About 11:00 A.M. of the same day, defendant was in the magistrates's office for his first appearance before the magistrate. See § 41–23–19, N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1973). There was conversation between defendant, his sister, and Officer Dunning. Dunning testified that defendant was discussing the merits of the case. When the money came up in the conversation, Dunning stated: " 'well, the money was taking [sic] out of your coat, was it not?' " According to Dunning, defendant said: " 'Yes, but that doesn't prove anything.' "

The sister agreed there was conversation between the three. She testified that she asked Dunning to tell her what he could because she did not know what was going on. She did not remember defendant telling Dunning that the coat was his.

Defendant also agreed there was conversation between the three. Both defendant and his sister wanted to know what was going on. According to defendant, Dunning stated: "they had my [defendant's] coat . . . and I told him it wasn't my coat."

■ Defendant moved that Dunning's testimony be stricken because Dunning failed to "reiterate the Miranda Warnings" before talking to defendant at the magistrate's office. The trial court properly denied this motion. Defendant had been advised of his rights twice, the earliest advice being given not more than six hours prior to the conversation at the magistrate's office. In these circumstances, repeated warnings were not required. State v. Carlton, 83 N.M. 644, 495 P.2d 1091 (Ct.App.1972).

■ In this appeal, defendant does not claim that he should have been again advised of his rights. The claim is that Officer Dunning engaged in custodial interrogation following a clear indication from defendant that he did not wish to make a statement. He relies on the statement in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966) that "if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him." See State v. Word, 80 N. M. 377, 456 P.2d 210 (Ct.App.1969). This

294

claim was never presented to the trial court; it is not properly before us for review. State v. Sexton, 82 N.M. 648, 485 P.2d 982 (Ct.App.1971); State v. Smith, 80 N.M. 126, 452 P.2d 195 (Ct.App.1969); see specially concurring opinion in State v. Brubaker, 85 N.M. 773, 517 P.2d 908 (Ct. App.1973).

 The prohibition against further questioning, quoted above from *Miranda,* supra, is a prohibition of custodial interrogation. State v. Lindsey, 81 N.M. 173, 464 P.2d 903 (Ct.App.1969), cert. denied, 398 U.S. 904, 90 S.Ct. 1692, 26 L.Ed.2d 62 (1970), defines custodial interrogation as questioning initiated by law enforcement officers. The testimony of defendant and his sister is that they were trying to find out what was going on. Whatever the remark was about the coat, defendant and Dunning agree that reference to the coat was made in that context. Accordingly, on the merits, Dunning's testimony as to defendant's admission concerning the coat cannot be considered the product of custodial interrogation. See State v. Smith, supra.

The judgment and sentence is affirmed. It is so ordered.

HENDLEY and LOPEZ, JJ., concur.