588 P.2d 1041

Sharon C. **COLLINS**, Petitioner,

v.

Richard C. **MICHELBACH** and
**Southeastern Public Service
Co.**, Respondents.

No. 12189.

Supreme Court of New Mexico.

Jan. 2, 1979.

Smith, Ransom & Gilstrap, William G. Gilstrap, Albuquerque, for petitioner.

Keleher & McLeod, Henry Narvaez, Albuquerque, for respondents.

## OPINION

FEDERICI, Justice.

This action was brought by the petitioner Collins (plaintiff) in the District Court of Bernalillo County to recover damages for injuries arising out of a collision. The jury returned a verdict for respondents (defendants). At the trial, the court instructed the jury on plaintiff's burden of proof. It gave N.M.U.J.I. Civ. 3.1. On appeal, the Court of Appeals held that there was substantial evidence to support the jury's verdict, but it refused to discuss or review plaintiff's second point, which challenged the validity of the above instruction.

The question presented by the petition for writ of certiorari is whether it was error for the trial court to give a jury instruction as to plaintiff's burden of proof based upon

N.M.U.J.I. Civ. 3.1, without excluding the words "any one of" which appear in the last paragraph of the instruction. The entire instruction reads:

No. 2. The plaintiff claims that she sustained damages and that the proximate cause thereof was one or more of the following claimed acts of negligence:

(1) The defendant, Richard C. Michelbach, was not keeping a proper lookout to avoid a collision with the car driven by Sharon Collins; and/or

(2) The defendant, Richard C. Michelbach, backed his truck without determining whether the movement could be made with safety and without interfering with other traffic; and/or

(3) The defendant, Richard C. Michelbach, did not have his vehicle under control.

The plaintiff has the burden of proving that she sustained damage and that one or more of the claimed acts of negligence was the proximate cause thereof.

The defendants deny the plaintiff's claims and assert the following affirmative defense:

The plaintiff was contributorily negligent for any one or more of the following reasons:

(1) She failed to keep a proper lookout to avoid a collision; or

(2) She did not have her automobile under control; or

(3) She failed to sound her horn when it was necessary to do so to avoid an accident; or

(4) She did not shift into reverse and back up her automobile.

The defendants have the burden of proving the affirmative defense.

If you find that plaintiff has proved those claims required of her and that defendants' affirmative defense has not been proved, then your verdict should be for the plaintiff.

If on the other hand you find that any one of the claims required to be proved by plaintiff has not been proved or that defendants' affirmative defense has been proved, then your verdict should be for the defendants. (Emphasis added.)

The Directions on Use of N.M.U.J.I. Civ. 3.1 reads:

This is the most important single instruction in the lawsuit, and court and counsel should give particular attention to it. This instruction usually cannot be drawn until all the evidence is in and the court has determined which issues are supported by the pleadings and evidence justifying their submission to the jury.

It is plaintiff's contention that the underlined portion of the instruction would lead the jury to believe that she would have to prove all of the possible theories of negligence in order to prevail and that since a favorable determination by the jury on *one* or more of the claims is all that is required, the instruction is contrary to New Mexico law.

Defendants contend that considering all of the instructions given, the trial court did not err in the use of N.M.U.J.I. Civ. 3.1, and that even if the court did err, such error was harmless since plaintiff has not shown any prejudice.

■■■ The Court of Appeals correctly refused to review plaintiff's objection to the giving of N.M.U.J.I. Civ. 3.1 since it is bound to follow the Supreme Court's order requiring the use of uniform jury instructions and it has no authority to alter, modify or abolish any such instruction. *Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973); *Williams v. Cobb*, 90 N.M. 638, 567 P.2d 487 (Ct.App.1977), cert. denied, 91 N.M. 3, 569 P.2d 413 (1977); *State v. Scott*, 90 N.M. 256, 561 P.2d 1349 (Ct.App.1977), cert. denied, 90 N.M. 637, 567 P.2d 486 (1977). However, the Supreme Court in appropriate cases is charged with the duty to amend, modify or abolish uniform jury instructions. Also, a trial court may refuse to use a uniform jury instruction as published, if "under the facts or circumstances of the particular case the published Uniform Jury Instruction is erroneous or otherwise improper, and the trial court so finds and states of record its reasons." Section 21-1-1, rule 51(1)(c), N.M.S.A. 1953 (Repl.1970).

■ We are of the opinion that the use of the words "any one of" in the last paragraph of N.M.U.J.I. Civ. 3.1 is erroneous in a case such as this where more than one negligent act is alleged by the plaintiff and the several acts of negligence are included by the court in the instruction. Under the instruction given by the trial court, a verdict for defendants could result if the jury found that *any one of* plaintiff's claims of negligence was not proved, notwithstanding that the plaintiff is only required to prove *one of several claims* of negligence in order to recover, absent, of course, a proven defense thereto.

In cases where multiple claims of negligence are alleged, as in this case, and sufficient evidence is introduced to submit those claims to the jury, as the trial court found here, the words "any one of" should be excluded from N.M.U.J.I. Civ. 3.1. Under these circumstances the last paragraph of the instruction given by the trial court should be modified to read:

If on the other hand you find that plaintiff has not proved any of her claims, or that any one of defendants' affirmative defenses has been proved, then your verdict should be for defendants.

■ With reference to defendants' contention that the error was harmless since plaintiff has not shown prejudice, we stated in *Jewell v. Seidenberg,* 82 N.M. 120, 124, 477 P.2d 296, 300 (1970):

In determining whether it is reversible error, we will accept the slightest evidence of prejudice, and all doubt will be resolved in favor of the party claiming prejudice. Thus, our determination will be made by viewing the record in light of the standards we have adopted for a fair trial, rather than indulging in a presumption of prejudice if the U.J.I. is not followed.

*See also Anderson v. Welsh,* 86 N.M. 767, 527 P.2d 1079 (Ct.App.1974).

Although *Jewell, supra,* involved a failure to give a uniform jury instruction, the rationale of that case applies to a challenged instruction given by the court. In view of the importance of N.M.U.J.I. Civ. 3.1 and viewing the record below in the light of the standards of fair trial announced in *Jewell,* the giving of the instruction without excluding the words "any one of" was prejudicial to appellant and constitutes reversible error.

The trial court is reversed and the cause remanded for a new trial.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, EASLEY and PAYNE, JJ., concur.