601 P.2d 737

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**James URIOSTE, Frank Sena, Jr., and Ruben Orosco, Defendants-Appellants.**

**Nos. 4005, 4006 and 4008.**

Court of Appeals of New Mexico.

Sept. 18, 1979.

John B. Bigelow, Public Defender, Santa Fe, Mark H. Shapiro, Asst. Public Defender, Albuquerque, for defendants-appellants.

Jeff Bingaman, Atty. Gen., Arthur Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Section 30–9–11(B), N.M.S.A.1978 defines CSP II (criminal sexual penetration in the second degree) to include CSP perpetrated "by the use of force or coercion when the perpetrator is aided or abetted by one or more persons . . . ." We discuss the meaning of the aiding and abetting language in this statute.

At a consolidated trial, Orosco was convicted of CSP II. Sena and Urioste were convicted of being accessories to Orosco's offense, and Urioste was also convicted of criminal sexual contact of a minor. Separate appeals were taken. Sena's and Urioste's appeals were previously consolidated; Orosco's appeal is hereby consolidated with the appeals of his co-defendants at trial.

The several docketing statements raised issues which have not been briefed; such issues have been abandoned. *State v. Ortiz,* 90 N.M. 319, 563 P.2d 113 (Ct.App.1977).

█ Defendants suggest the trial proceedings raise a serious question concerning ineffective assistance of counsel. They arrive at this suggestion by combing the trial record for items that might possibly support the suggestion. The legal standard for determining ineffective assistance of counsel is whether the trial, considered as a whole, is a mockery of justice, a sham or a farce. *State v. Trivitt,* 89 N.M. 162, 548 P.2d 442 (1976). Under this standard, the ineffective assistance of counsel claim is without merit. We suggest that the appellate public defender heed the following: "It is relatively easy for different counsel on an appealed case to differ on trial tactics used during the trial of a cause. Hindsight is not always better than foresight in the course of litigation from beginning to end." *State v. Trivitt, supra.*

█ Section 30–9–11(B), supra, refers to the perpetrator being aided or abetted by one or more persons. The approved jury instruction, U.J.I. Crim. 9.49, does not refer to aider or abettor. The instruction requires the defendant (Orosco) to have "acted with the help or encouragement of one or more persons . . . ."

Orosco asserts: "Help or encouragement is not enough to aggravate a criminal sexual penetration to a second degree offense. The helpers or encouragers must also have intended the crime to be committed for them to be aiders or abettors." Thus, Orosco contends that his guilt of CSP II depends upon the intent of aiders or abettors, that to be an aider or abettor one must have intended that the CSP offense be committed. Since U.J.I. Crim. 9.49 fails to instruct on the intent of the aiders or abettors, Orosco contends his conviction must be reversed for failure to include the aider's or abettor's intent as an element of the CSP offense that Orosco committed. We disagree.

Orosco's argument is based on the view that the reference to aiding and abetting in § 30–9–11(B), supra, was used in a technical legal sense. The correct view of the statutory aiding or abetting, is stated in the Committee Commentary to U.J.I. Crim. 9.08. The Commentary states:

> The committee was of the opinion that the legislative use of the terms "aided and abetted" to describe the aggravated offense was not intended to involve consideration of complicated issues of the necessary criminal intent for an accessory. The culpability of the defendant for this aggravated charge of criminal sexual contact does not depend upon the intention of another entertained without his knowledge; it is the intention of the defendant and the effect of the assistance which is controlling.

The committee considered whether the statute must be construed to require that the aiding and abetting be an assist to the force or coercion. The committee decided that the help or encouragement provided the defendant by another may be an assist to any element of the unlawful contact. The gravamen of the offense is the use of another as a tool in the perpetration of the crime.

Therefore, the committee was of the opinion that the element of aided and abetted was properly stated by the phrase "acted with the help or encouragement of one or more persons." The committee noted that the legislature was expressing concern for the victim by including this element as an aggravating factor. A sexual assault by persons acting in concert poses a greater threat to a victim's physical and mental safety than an assault by a single defendant.

The trial court's instruction concerning Orosco, which was based on U.J.I. Crim. 9.49, was correct because the intent of the aider or the helper was not an element of Orosco's crime.

Sena and Urioste contend the jury was not instructed on the intent required of an aider or abettor. Consistent with the Use Note to U.J.I. Crim. 28.30, the jury was instructed as to the essential elements of Orosco's CSP II offense. In addition, U.J.I. Crim. 28.30 was given. This instruction requires that the defendants (Sena and Urioste) intended that Orosco's crime be committed. The jury was instructed in accordance with the approved instructions. Sena and Urioste complain that the required intent, for their accessory crimes, was not included in the instruction setting forth the elements of CSP II. Such was not required. Instructions are to be considered as a whole. *State v. Rhea*, 86 N.M. 291, 523 P.2d 26 (Ct.App.1974). When so considered, there was no deficiency in the instructions concerning the intent required of Sena and Urioste.

The judgments and sentences are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.