610 P.2d 753
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Sammy Kenneth LOPEZ aka Sammy K. Lopez, Defendant-Appellant.**

**No. 4138.**

Court of Appeals of New Mexico.

Jan. 24, 1980.

Writ of Certiorari Granted Feb. 25, 1980.

John B. Bigelow, Chief Public Defender, Santa Fe, Richard A. Winterbottom, Asst. Public Defender, Mark Shapiro, Asst. App. Defender, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Sammy J. Quintana, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of larceny in violation of § 30–16–1, N.M.S.A. 1978 and appeals. We affirm.

The sole issue on this appeal is whether U.J.I. Crim. 16.00 is erroneous. We believe that it is but we have no authority to declare it so.

Defendant claims that taking another's property "without consent" of the person is an essential element of larceny and lack of consent was omitted from the instruction.

On three previous occasions, the Court held that it had no authority to review instructions approved by the Supreme Court. *State v. Montano*, 93 N.M. 436, 601 P.2d 69 (Ct.App. 1979); *State v. King*, 90 N.M. 377, 563 P.2d 1170 (Ct.App. 1977); *State v. Scott*, 90 N.M. 256, 561 P.2d 1349 (Ct.App. 1977). *Scott* stated the reasons as follows:

> This court is to follow precedents of the Supreme Court; it is not free to abolish instructions approved by the Supreme Court. *Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973) . . . . [Id. 257, 561 P.2d 1350.]

*Delgado* stands for the proposition that this Court is bound by the precedents of the Supreme Court; that this Court lacks authority to overrule prior opinions of the Supreme Court or to alter, modify or abolish any instructions approved by the Supreme Court. *Collins v. Michelbach*, 92 N.M. 366, 588 P.2d 1041 (1979). It is suggested that this rule is harsh and abrasive. It should be modified to grant the Court of Appeals authority in these respects subject to an automatic review by the Supreme Court. An approved instruction that is val-

id is controlling. It modifies any previous decision of the Supreme Court to the contrary. *Pharmaseal Laboratories, Inc. v. Goffe*, 90 N.M. 753, 568 P.2d 589 (1977). It is important to determine whether U.J.I. Crim. 16.00 is valid because it appears to be contrary to prior New Mexico opinions.

■ *Delgado* does not deny this Court the right to express its views upon previous opinions of the Supreme Court nor on the part that "without consent" plays in the approved instructions on the crime of larceny. To deny this right deprives a defendant of an adequate or salutory basis for review in the Supreme Court. In *Williams v. Cobb*, 90 N.M. 638, 567 P.2d 487 (Ct.App. 1977), the validity of U.J.I. Civ. 3.1 was questioned in a special concurring opinion. *Collins, supra,* held U.J.I. Civ. 3.1 erroneous. Although not stated in *Collins,* a dissenting opinion of this Court again strongly urged that U.J.I. Civ. 3.1 be held erroneous. *Collins v. Michelbach,* No. 3088, decided September 5, 1978 (not published). For other views expressed by this Court in its relationship with the Supreme Court, see *Peralta v. Martinez,* 90 N.M. 391, 564 P.2d 194 (Ct.App. 1977); *State v. Bazan,* 90 N.M. 209, 561 P.2d 482 (Ct.App. 1977); *State v. Chavez,* 88 N.M. 451, 541 P.2d 631 (Ct.App. 1975). Merely because the Supreme Court approved an instruction submitted by a committee appointed for the purpose, does not make it sacrosanct. It becomes infallible only after the Supreme Court opinionates on the validity of the instruction. No opinion has yet been written on U.J.I. Crim. 16.00.

■ The Committee Commentary states:
This instruction does not use the words "without consent" or the like to indicate that larceny involves a trespassory taking. See generally, Perkins, Criminal Law 245–46 (2d ed. 1969). *The committee believed that the element of trespassory taking was covered by this instruction* together with the instruction on general criminal intent, Instruction 1.50. [Emphasis added.]

A "trespassory taking" means "that there could be no larceny without a trespass, and there could be no trespass unless the property was in the possession of the person from whom it was charged to have been stolen." *People v. Csontos,* 275 Ill. 402 114 N.E. 123, 125 (1916). This type of "trespassory taking" comes within the doctrine of *trespass de bonis asportatis* which means "trespass for goods carried away." Black's Law Dictionary, p. 1675 (Rev. 4th Ed. 1968). At common law, criminal trespass of personalty occurred when, in the presence of the possessor, there is an invasion of the actual possession of this person by force or at least against his will. It is universally recognized that without this trespass there can be no larceny. 50 Am.Jur.2d *Larceny,* § 14 (1970). In New Mexico, "That larceny is an offense against possession there can be no doubt." *State v. Curry,* 32 N.M. 219, 222, 252 P. 994, 996 (1927).

The reason that "without consent" was omitted from the instruction by the committee was to show that "trespassory taking" involved larceny. It does.

Does the instruction cover the element of "trespassory taking"? The answer is "no."

The court instructed the jury that the elements of the crime were:
1. The Defendant took and carried away United States Currency belonging to another . . . ;
2. At the time he took the property, the Defendant intended to permanently deprive the owner of it;

Section 30–16–1 reads in pertinent part:
Larceny consists of the stealing of anything of value which belongs to another.

" 'Stealing' implies a taking without consent." *State v. Rhea,* 86 N.M. 291, 523 P.2d 26 (Ct.App. 1974). This means that if the defendant took the money with the consent of the owner, he had the right to permanently deprive the owner of it.

■ The two elements of larceny are (1) that the property was lost by the owner, and (2) that it was lost by a felonious taking. *State v. Buchanan,* 76 N.M. 141, 412 P.2d 565 (1966); *State v. Paris,* 76 N.M. 291, 414 P.2d 512 (1966). "Felonious tak-

ing" means a taking with intent to commit the crime of larceny. *Brown v. Village of Deming,* 56 N.M. 302, 243 P.2d 609 (1952). This, of course, means an unlawful taking out of the possession of the owner without his consent. *State v. Curry, supra* ; *State v. Liston,* 27 N.M. 500, 202 P. 696 (1921). In *Curry,* the prosecutrix testified with reference to her permission, consent and knowledge.

In an action seeking damages for trespass, *Texas-New Mexico Pipe Line Co. v. Allstate Construction,* 70 N.M. 15, 17, 369 P.2d 401, 402 (1962) said:

> Trespass to personalty is the intentional use or interference with a chattel which is in the possession of another, without justification.

"Without justification" is equivalent to the word "unlawfully." *Territory v. Gonzales,* 14 N.M. 31, 89 P. 250 (1907). An "unlawful taking" is equivalent to a "felonious taking."

*State v. McKinley,* 30 N.M. 54, 227 P. 757 (1924) settles the issue "without consent." This case involved defendant's contention that the *indictment* was defective because it failed to charge that property was taken without the consent of the owner. In discussing the subject, the court said:

> . . . At common law the nonconsent of the owner was not a matter to be expressly charged in the *indictment,* but was one of defense. *Indeed, the proof should show, either directly or by circumstances, the nonconsent of the owner in order to support a conviction, because otherwise no larceny would be proven.* This is a matter of proof, however, and need not be affirmatively charged in the indictment. . . . [Emphasis added.] [Id. 58, 227 P. 759.]

*Bennett v. United States,* 399 F.2d 740, 743 (9th Cir. 1968) said:

> . . . To consummate the offense of larceny there must occur a taking ·of property which is trespassory in nature, "without the consent of the owner. . . ."

This appears to be the general rule. See, 50 Am.Jur.2d *Larceny,* § 23 (1970); 52A C.J.S. *Larceny,* § 101 (1968) where *McKinley, supra,* is cited; 2 Wharton's Criminal Law and Procedure (Anderson), § 474 (1957); Perkins on Criminal Law, 246 (2d Ed. 1969); 3 Underhill's Criminal Evidence, § 594 (5th Ed. 1957).

 U.J.I. Crim. 16.00 is erroneous for the following reasons:

(1) It does not include within it that the defendant took and carried away property "without the consent of the owner."

(2) It does not state that the taking was "felonious."

Nevertheless, the judgment of the trial court is affirmed subject to review by the Supreme Court.

Affirmed.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.