This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40961**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JOSEPH M. LOVATO,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jennifer J. Wernersbach, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Ashley A. Schweizer, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief we affirm for the following reasons.

**{2}** Defendant appeals his conviction for unlawful taking of a motor vehicle contrary to NMSA 1978, Section 30-16D-1 (2009), challenging the sufficiency of the evidence to support his conviction. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{3}** At trial, Albuquerque Police Department (APD) Detective Jerry Arnold testified that on August 4, 2021, police placed a "bait car" in a motel parking lot in Albuquerque. A bait car is a city-owned vehicle that police place in high crime areas and that require the use of tools or objects other than keys in order to operate the vehicle. The bait car was outfitted with cameras that produced a live-feed as well as a Global Positioning System (GPS), which allowed police to monitor and track the vehicle. Detective Arnold testified if someone opens the door of the bait car, turns on the ignition, and drives outside the GPS perimeter or "geo fence," then police receive a notification and begin to monitor the GPS and live feed from inside the vehicle. [8/31/2023: 2:21:40-2:23:35; BIC 1-2; AB 2]

**{4}** At around 6:30 p.m., APD received an alert that someone had opened the driver's side door of the bait car. Around twenty minutes later, APD received a second alert that someone had opened the driver's side door, started the car, and moved the car outside of the geo fence and the general area. The video from the bait car showed a man identified as Matthew Jaramillo start the vehicle with an unidentified object. Mr. Jaramillo then drove the vehicle for a few seconds before exiting the vehicle in another part of the motel parking lot. After Mr. Jaramillo exited the vehicle, Defendant entered the bait car and drove it away from the motel parking lot. A second video showed Defendant driving the car down a street. Defendant was apprehended several hours later and ultimately surrendered to police. Additional facts are set out below. [8/31/2023: 2:27:30-2:32:29; BIC 2-4; AB 3-5]

**{5}** In order to convict Defendant of unlawful taking of a motor vehicle, the State was required to prove beyond a reasonable doubt that on or about August 4, 2021, "[Defendant] took a city-owned vehicle without the owner's consent." [RP 75] *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."); *see also* UJI 14-1660 NMRA (setting out the essential elements of unlawful taking of a motor vehicle). Defendant's argument on appeal focuses on the sufficiency of the evidence to establish that he "took" the motor vehicle. Defendant argues that the term "take" indicates that the person who initially takes the motor vehicle is the one who unlawfully takes it, and Section 30-16D-1 does not contemplate successive unlawful takers of a motor vehicle. [BIC 8-9] Defendant argues that Mr. Jaramillo committed the

unlawful taking of the motor vehicle as the initial taker, and Defendant was merely guilty of receiving or transferring a stolen motor vehicle under NMSA 1978, Section 30-16D-4 (2009) (providing that a person who has in their possession any vehicle that the person knows or has reason to believe has been stolen or unlawfully taken is guilty of receiving or transferring a stolen vehicle). [BIC 8-11]

**{6}** "The meaning of language used in a statute is a question of law that we review de novo." *Cooper v. Chevron U.S.A., Inc.*, 2002-NMSC-020, ¶ 16, 132 N.M. 382, 49 P.3d 61. "We first look to the ordinary and plain meaning of the language of a statute, because the statutory text is the primary indicator of legislative intent." *State v. Castillo*, 2011-NMCA-046, ¶ 8, 149 N.M. 536, 252 P.3d 760 (internal quotation marks and citation omitted). "Where the language of a statute is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *State v. Almanzar*, 2014-NMSC-001, ¶ 14, 316 P.3d 183 (internal quotation marks and citation omitted).

**{7}** We therefore consider the plain meaning of the word "take" in Section 30-16D-1(A). *See State v. Olsson*, 2014-NMSC-012, ¶ 18, 324 P.3d 1230 ("The plain language of the statute is the primary indicator of legislative intent."). The statute itself does not define the word. However, *Webster's Third New International Dictionary* defines "take" to mean "to get control into one's hands or into one's possession, power, or control by force or stratagem[.]" *Take, Webster's Third New Int'l Dictionary* (unabr. ed. 2002). Similarly, *Black's Law Dictionary* defines "take" as "obtain[ing] possession or control, whether legally or illegally." *Take, Black's Law Dictionary* (11th ed. 2019). Based on these definitions, the plain meaning of the term "take" indicates the Legislature's intent is to prohibit the deprivation of another's right to immediate possession of one's vehicle. *Cf. State v. McGruder*, 1997-NMSC-023, ¶ 30, 123 N.M. 302, 940 P.2d 150 (noting that "[u]nlawful taking of a vehicle primarily protects an owner's right to immediate possession of an automobile"), *abrogated on other grounds by State v. Chavez*, 2009-NMSC-035, ¶¶ 16, 47 n.1, 146 N.M. 434, 211 P.3d 891. However, Section 30-16D-1 contains no language excluding the possibility of successive unlawful takers of a motor vehicle. *See State v. Marshall*, 2004-NMCA-104, ¶ 8, 136 N.M. 240, 96 P.3d 801 (stating that it is well-settled that we do not read language into a statute, especially where the statute makes sense as written).

**{8}** In this case, the evidence was sufficient to establish that Defendant wrongfully took the bait car by interfering with the owner's right to immediate possession of the vehicle. There was evidence that Defendant removed the bait car from the motel parking lot in which police had left it and drove it away from the area. Thereafter, Defendant drove to a residence and picked up a passenger before driving the vehicle to a department store parking lot. When police attempted to apprehend Defendant, he refused to comply with multiple commands to exit the vehicle, moved from the passenger seat to the driver's seat, and appeared to attempt to start the vehicle for several minutes. This evidence is sufficient to prove that Defendant unlawfully exercised control in a manner that denied the owner's right to immediate possession in violation of Section 30-16D-1. *See State v. Sims*, 2010-NMSC-027, ¶ 33, 148 N.M. 330, 236 P.3d

642 (holding that to determine whether an individual is in actual physical control of a vehicle, the fact-finder may consider several factors including "[w]hether the vehicle was running[,] . . . the ignition was on[, and w]here and in what position the driver was found in the vehicle"). [8/31/2023: 3:45:00-3:46:10; BIC 2-4]

**{9}** To the extent Defendant argues that the State was required to proceed on a theory of accessory liability in order to convict him, we disagree. Defendant argues that he could only be guilty of unlawful taking of a motor vehicle as an accessory to Mr. Jaramillo, who acted as the principal. [BIC 12] However, for the reasons set out above, the evidence was sufficient to prove that Defendant directly committed the crime of unlawful taking of a motor vehicle. *Compare* NMSA 1978, § 30-1-13 (1972) (providing that "[a] person may be charged with and convicted of the crime as an accessory if he procures, counsels, aids or abets in its commission . . . *although he did not directly commit the crime*" (emphasis added)); *see generally State v. Rhea*, 1974-NMCA-030, ¶ 6, 86 N.M. 291, 523 P.2d 26 (holding that the defendant was guilty of unlawfully taking money from a business, even if the defendant was acting on collusion with another person who had physical custody of the money and handed it over to the defendant where the person had no authority to hand over money belonging to the business). We therefore reject this assertion of error.

**{10}** For these reasons, we affirm Defendant's conviction.

**{11} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**