596 P.2d 275

STATE of New Mexico,
Plaintiff-Appellee,

v.

Brian STAHL, Defendant-Appellant.

No. 3813.

Court of Appeals of New Mexico.

April 12, 1979.

John B. Bigelow, Chief Public Defender, Michael J. Dickman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Michael A. Kauffman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant was convicted of embezzling over $100. To have embezzled the money, defendant must have been entrusted with the money. Section 30–16–8, N.M.S.A.1978. Defendant contends there is no evidence that he was entrusted with over $100. We agree.

Defendant was a clerk at a store. The store had two cash registers and a drop-box. There was a slit in the counter; money pushed through this slit went into the drop-box. The drop-box was locked with two padlocks, the keys to which were retained by the manager. When money accumulated in the registers, portions of the accumulation were placed in the drop-box through the slit in the counter.

About 7:30 p. m. on the night in question, the manager removed the money from the drop-box. About 11:00 p. m. the clerk on duty closed down one of the registers, placing the money from that register into the drop-box. When defendant went on duty

at midnight, the one register being used contained $50 to $75. Defendant's shift was from midnight to 8:00 a. m. At 3:00 a. m., defendant was absent from the store. The drop-box had been pried open and its money removed. There is evidence that defendant took a total of $612 from the drop-box and the register being used.

Defendant was the only clerk on duty when the money was taken; he was "in charge of the whole store" and "responsible for the entire store." The register being used, and its contents, were for defendant's use in performing his duties. Defendant does not claim that he was not entrusted with the money in this register and does not contend that the money he took from this register was not embezzlement. However, there is no proof that the money taken from the register was over $100, and no proof that the amount of money in the register, plus money from sales after defendant went on duty, ever amounted to $100.

The State asserts that defendant was also entrusted with money which defendant took from the register and placed in the drop-box. We need not answer this contention because there is no evidence that defendant placed any money into the drop-box.

To reach a monetary amount over $100, the money taken from the drop-box must be included. Under the evidence, the money in the drop-box was put there by another clerk, and before defendant was on duty. Defendant did not have the keys to the drop-box, he had no permission or authority to get any money out of the box, he had no permission to have possession of the money in the drop-box, or "use it for change or anything . . . ." The only one supposed to take money from the drop-box was the manager. These facts are not disputed.

The trial court denied defendant's motion for a directed verdict on the charge of embezzlement over $100. Because defendant was in charge of the store, the trial court was of the view that defendant had been entrusted with "everything there on the premises" including the drop-box. We disagree; defendant had not been entrusted with the contents of the drop-box.

"Entrust" means to commit or surrender to another with a certain confidence regarding his care, use or disposal of that which has been committed or surrendered. *State v. Moss*, 83 N.M. 42, 487 P.2d 1347 (Ct.App.1971). The money in the drop-box would not have been entrusted to defendant unless the money came into defendant's possession by reason of his employment. *State v. Peke*, 70 N.M. 108, 371 P.2d 226 (1962); *State v. Konviser*, 57 N.M. 418, 259 P.2d 785 (1953).

2 Wharton's Criminal Law and Procedure, § 468 (1957) states:

A clerk taking money or goods from his employer's safe, till or shelves is guilty of larceny unless he is authorized to dispose of such money or goods at his discretion. An employee who feloniously appropriates to his own use property of his master or employer to which he has access only by reason of a mere physical propinquity as an incident of the employment, and not by reason of any charge, care, or oversight of the property entrusted to him, may be guilty of larceny by such act the same as any stranger.

See also Wharton's Criminal Law and Procedure, supra, §§ 513, 524 and 525. In *State v. Peke*, supra, the defendant's employment duties involved checks, the proceeds of which defendant converted. In *State v. Konviser*, supra, the defendant was the manager of the property which he converted.

Although defendant was in charge of the entire store, the undisputed facts show that the money in the drop-box was not committed or surrendered to defendant's care, use or disposal; that money was to be handled exclusively by the manager. Defendant was excluded from having anything to do with that money. Defendant's offense, as to the money in the drop-box, was larceny, not embezzlement, because he had not been entrusted with that money. Compare *State v. Robertson*, 90 N.M. 382, 563 P.2d 1175 (Ct.App.1977); *State v. Rhea*, 86 N.M. 291, 523 P.2d 26 (Ct.App.1974).

Because of an absence of evidence showing that defendant was entrusted with over $100 of the money he took, his embezzlement conviction is reversed.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.