619 P.2d 823

**ST. VINCENT HOSPITAL and Eric C. Wolf, Petitioners,**

**and**

**Kenneth Harrold, M.D., et al., Defendants,**

**v.**

**Janet SALAZAR, Individually and as Personal Representative of the Estate of her Fetus, Respondent.**

**No. 13187.**

Supreme Court of New Mexico.

Nov. 24, 1980.

Carl J. Butkus, Civerolo, Hansen & Wolf, Albuquerque, for petitioners.

Daniel Shapiro, Ortego & Snead, Albuquerque, for respondent.

Thomas A. Simons, IV, Sommer, Lawler, Scheuer & Simons, Santa Fe, for Kenneth Harrold, M.D., W. Robert Lasater, Jr., Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for amicus curiae.

## OPINION

FEDERICI, Justice.

Janet Salazar, respondent herein, filed a malpractice suit on her behalf and on behalf of her stillborn fetus, against St. Vincent Hospital and Eric C. Wolf, a nurse at the hospital, among others. St. Vincent and Wolf are petitioners herein.

Respondent presented the matter to the Medical Review Commission in accordance with the Medical Malpractice Act, Sections 41–5–1 to 41–5–28, N.M.S.A.1978. The reviewing panel determined that petitioners' acts were, or reasonably might constitute, malpractice which caused the injury of respondent.

Respondent thereafter deposed Wolf, who was unable to recall much of the evidence he previously gave before the panel. Respondent then attempted to depose a member of the panel who might have recalled Wolf's testimony. St. Vincent and Wolf moved to quash the notice of deposition, and the trial court granted their motion, finding that the Medical Malpractice Act prohibited discovery of this information from a panelist, that the privilege exempting panelists from discovery was constitutional, and that good cause did not exist for deposing the panelist. Salazar appealed to the Court of Appeals, which reversed the trial court on the privilege issue. We granted certiorari. We affirm in part and reverse in part.

■ In reversing the trial court, the Court of Appeals held that the privilege applied to the panel's deliberations and any report made by the panel, but not to testimony heard by the panel. *Salazar v. St. Vincent Hospital,* 19 N.M.St.B.Bull. 682 (Ct.App.1980). We agree with the reasoning and result reached by the Court of Appeals in Part I of its decision and affirm.

In Part II of its opinion, the Court of Appeals considered an additional issue raised for the first time in the Court of Appeals through the brief filed by amicus curiae, the New Mexico Physicians Mutual Liability Company. Amicus argued that the Medical Malpractice Act is not applicable to this case because none of the defendants at the trial level is a "health care provider," and no party can therefore claim any benefits under the Act. Amicus attached an affidavit to their brief signed by the State Superintendent of Insurance, showing that none of the defendants qualified under the Act.

After the filing of the amicus brief, St. Vincent Hospital moved for a dismissal of the appeal based on the same ground. The Court of Appeals denied the motion because it had not been ruled upon by the trial court. However, the Court of Appeals then proceeded to address the issue because "we deem it sensible to offer such assistance to the trial court as we are able." *Id.* at ——, 19 N.M.St.B.Bull. at 686.

We address whether the Court of Appeals acted properly in advising the trial court concerning the effect of amicus' contentions when they came up before the trial court.

■ Although there is a general proscription against an appellate court considering matters not yet raised in the trial court, such matters may be considered if the question involves: "(a) general public interest; (b) fundamental rights of a party; or (c) facts or circumstances occurring or arising, or first becoming known after the trial court lost jurisdiction." N.M.R.Civ.App. 11, N.M.S.A.1978.

This Court has decided issues not raised in the trial court. For instance, in *Sangre de Cristo Dev. Corp., Inc. v. City of Santa Fe*, 84 N.M. 343, 503 P.2d 323 (1972), *cert. denied*, 411 U.S. 938, 93 S.Ct. 1900, 36 L.Ed.2d 400 (1973), this Court decided an issue of great public importance which was fully briefed by both sides on appeal, where both parties took the position that they wanted the issue resolved. That is not the case before us. Here, we have only arguments of *amicus*. "Amicus must accept the case on the issues as raised by the parties, and cannot assume the functions of a party." *State ex rel. Castillo Corp. v. New Mexico St. T. Com'n.*, 79 N.M. 357, 362, 443 P.2d 850, 855 (1968). The parties here have not briefed, nor have they requested a resolution of the issues raised by amicus in the appellate court.

■ If we were to consider the issues raised by amicus, we would be severely limited in our considerations. In the present stature of this case, we cannot consider affidavits outside the record proper. *Linton v. Mauer–Neuer Meat Packers*, 71 N.M. 305, 378 P.2d 126 (1963). The affidavit of the State Superintendent of Insurance attached to amicus' brief is not evidence in the case. Without that affidavit, there is no evidence for us to consider which might show that petitioners do not come within the Medical Malpractice Act.

■ This is not the type of situation wherein it is proper for an appellate court to provide guidance to the trial court by resolving an issue which has not yet come before the trial court. If the *parties* to this suit wish to raise the issue of applicability of the Medical Malpractice Act, they should do so in the trial court, where it is proper to submit evidence concerning the issue. It will then be the duty of the trial court to resolve the issue. If a *party* wishes to obtain appellate review of that decision, that party may pursue the normal procedures for doing so. We express no opinion as to the correctness of the conclusion reached by the Court of Appeals under Part II of its opinion. We simply hold that the Court of Appeals should not have considered new issues presented for the first time on appeal through the amicus brief.

We affirm Part I of the Court of Appeals opinion in this matter and reverse Part II of the opinion. The cause is remanded to the trial court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, C. J., EASLEY, Senior Justice, and PAYNE .and FELTER, JJ., concur.