704 P.2d 465

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**John EDER and Virginia Eder,
Defendants-Appellees.**

**No. 8202.**

Court of Appeals of New Mexico.

July 18, 1985.

212

Paul G. Bardacke, Atty. Gen., Charles D. Noland, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Nancy Hollander, Freedman, Boyd & Daniels, P.A., Albuquerque, for defendant-appellee John Eder.

Joseph N. Riggs III, Albuquerque, for defendant-appellee Virginia Eder.

Steven H. Schiff, Dist. Atty., Joe Lally, Asst. Dist. Atty., Albuquerque, for amicus curiae.

## OPINION

NEAL, Judge.

The trial court granted defendants' motion to suppress evidence and dismiss defendants' grand jury indictment with prejudice. The state appeals. We affirm in part and reverse in part, holding that the suppression of the evidence is a sufficient remedy for the prosecutorial misconduct in this case, and we therefore remand for trial.

Defendants are husband and wife and were employees of the Bernalillo County Detention Center. The district attorney and Albuquerque Police Department suspected they were responsible for shortages

of over $50,000 in prisoner accounts at the jail. John Eder was a shift supervisor in the prisoner receiving and discharge section of the jail. He took money from incoming prisoners and set up accounts for them. Various evidence indicated that the shortages occurred while John Eder was on duty. It was learned that the Eders enjoyed a lifestyle seemingly beyond their means as jail employees. To further the police investigation, the district attorney issued subpoenas duces tecum to financial institutions. The subpoenas were purportedly issued under the authority of the grand jury. *Cf. Sanchez v. Attorney General*, 93 N.M. 210, 598 P.2d 1170 (Ct.App. 1979). They stated:

Subpoena issued at [the] request of STEVEN H. SCHIFF, District Attorney, Bernalillo County, Albuquerque, New Mexico.

In lieu of personal appearance please provide, give, or release above papers, requested information, or documents to Detective Jack Tibbetts of the Albuquerque Police Department as agent of the District Attorney.

Most of the institutions complied with the subpoenas. The grand jury had not authorized them. The evidence was for the purpose of the police investigation, rather than to be turned over to the grand jury. The material was presented to the grand jury in summary form. Based on the information obtained showing that the Eders deposited and spent much more than their combined incomes, a warrant to search their residence was issued. The search resulted in more information which led to the indictment charging larceny of over $20,000 and conspiracy to commit larceny over $20,000.

In response to defendants' motion, the district court found that the subpoenas were fraudulent and that the district attorney acted in bad faith in issuing them because he knew the proper procedure to secure grand jury subpoenas and intentionally chose not to follow it. The court concluded that all evidence seized through the subpoenas, or as fruit of the subpoenas,

was obtained in violation of the New Mexico Constitution and must be suppressed, and that the actions of the district attorney amounted to prosecutorial misconduct for which the remedy is dismissal of the indictment with prejudice. The court also concluded that embezzlement was the proper charge, not larceny.

*Discussion.*

The central issue is whether dismissal with prejudice is an appropriate remedy when prosecutorial misconduct results in illegally seized evidence. Initially we note that the state agrees that the subpoena procedure was improper, and, while it does not concede that the prosecutor acted in bad faith, it does not challenge the findings setting out the evidentiary basis of the court's findings. The authorities agree. *See United States v. Keen*, 509 F.2d 1273 (6th Cir.1975). The American Bar Association's Standards also state that "[i]t is unprofessional conduct for a prosecutor to secure the attendance of persons for interviews by use of any communication which has the appearance or color of a subpoena * * *." 1 ABA, *Standards for Criminal Justice, The Prosecution Function*, 3–3.1(d) (2d ed. 1980). The use of a subpoena or a document that looks like a subpoena for conducting pretrial interviews is unauthorized, improper, and a usurpation of judicial power. *Keen. See also Durbin v. United States*, 221 F.2d 520 (D.C.Cir. 1954). The same reasoning applies to compelling witnesses to produce documents with unauthorized subpoenas. The practice has been deemed coercive and intimidating. To the extent that an unknowing witness may feel compelled to attend or produce documents, the practice amounts to perpetrating a deceit on the witness. NMSA 1978, Code of Prof.Resp. Rule 1–102(A)(4) (Repl.Pamp.1982) defines misconduct as including engaging "in conduct involving dishonesty, fraud, deceit or misrepresentation[.]" *See Poorbaugh v. Mullen*, 99 N.M. 11, 653 P.2d 511 (Ct.App.1982).

Defendants contend that the dismissal with prejudice was the proper remedy. They cite three cases involving dismissals

with prejudice. *United States v. Derr*, 726 F.2d 617 (10th Cir.1984); *United States v. Fields*, 475 F.Supp. 903 (D.D.C.1979); *United States v. Pascal*, 496 F.Supp. 313 (N.D.Ill.1979). However, the common denominator of these three cases is that nothing short of a dismissal with prejudice would cure the injury suffered by defendants in them.

*Pascal* involved a bargain not to prosecute. Obviously, the only way to insure compliance with the bargain was to dismiss the prosecution with prejudice. *Derr* involved a prior prosecution that was dismissed because the prosecutor was unprepared. Because, at the time of the first prosecution, the case should have been dismissed with prejudice, the second case was dismissed with prejudice. *Fields* involved a prosecution brought as a method of gaining leverage over defendant so she would be a witness in a case against another person. The manifest impropriety could only be cured by barring prosecution of defendant by entering a dismissal with prejudice. In this case, defendants do not allege any of the sort of injury that cannot be cured by a lesser remedy.

Defendants contend that dismissal with prejudice is required to punish the prosecutor. The conduct was indeed reprehensible. The focus, however, should be on the prejudice to the defendants. "To support a dismissal of a criminal charge because of prosecutorial misconduct, the alleged misconduct must result in actual and substantial prejudice to a defendant." *People v. Barton*, 122 Ill.App.3d 1079, 78 Ill. Dec. 419, 462 N.E.2d 538, 542 (1984). That case involved pretrial publicity generated by the prosecutor and denial of defendant's right to counsel. The court noted the availability of other procedures to offset prejudice due to adverse publicity, such as voir dire or change of venue. The trial court's alternative ground for dismissal, denial of right to counsel at a hearing resulting in illegally obtained statements, was not a proper ground for dismissal because the statements were suppressed.

■ A New Mexico case involving prosecutorial misconduct at the grand jury level also recognized that prejudice to the defendant is dispositive. In order to warrant dismissal, the prosecutor's conduct must amount to deceitful or malicious overreaching which subverts the grand jury proceedings. *Buzbee v. Donnelly*, 96 N.M. 692, 634 P.2d 1244 (1981). Here the court made no finding that the grand jury proceedings were subverted. There is no evidence that the indictment was tainted by prosecutorial deceit or overreaching. *Compare United States v. Samango*, 607 F.2d 877 (9th Cir.1979) in which the prosecutor presented misleading transcripts and only hearsay testimony. The grand jury in this case heard illegal evidence which was subject to suppression at trial. When inadmissible evidence is presented to the grand jury, the proper remedy is suppression at trial. *Buzbee; United States v. Blue*, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966). As stated in *United States v. Blue*, the barring of prosecution altogether in such a circumstance, "might advance marginally some of the ends served by exclusionary rules, but it would also increase to an intolerable degree interference with the public interest in having the guilty brought to book." The appropriate remedy is ordering the illegally obtained evidence suppressed, rather than barring the prosecution altogether. *Id.* at 255, 86 S.Ct. at 1419.

■ We also hold that dismissal with prejudice on the ground that the charge should have been embezzlement rather than larceny was error. Whether the crime was larceny or embezzlement depends upon whether defendants were entrusted with the money they took from the jail. *State v. Peke*, 70 N.M. 108, 371 P.2d 226 (1962); *State v. Stahl*, 93 N.M. 62, 596 P.2d 275 (Ct.App.1979); *State v. Robertson*, 90 N.M. 382, 563 P.2d 1175 (Ct.App. 1977); *State v. Rhea*, 86 N.M. 291, 523 P.2d 26 (Ct.App.1974). Entrust means to commit or surrender to another with a certain confidence regarding his care, use or disposal of that which has been committed or surrendered. A clerk taking money from

his employer's till is guilty of larceny unless he is authorized to dispose of such money at his discretion. *Stahl.*

Here, although the court found that Mr. Eder was entrusted with the money, it also found that he was supposed to take in the prisoners' money, create accounts, and account for the proceeds to the prisoners on their release. He had no discretionary powers with the money. The facts, as developed so far in the proceedings, are capable of supporting inferences of either crime. *See State v. Ortiz,* 90 N.M. 319, 563 P.2d 113 (Ct.App.1977). The issue may not be determined before a trial on the merits. *State v. Mares,* 92 N.M. 687, 594 P.2d 347 (Ct.App.1979).

A subsidiary issue also arises: whether we may consider a brief filed by the district attorney as an amicus curiae. The amicus brief argued that the subpoena procedure was proper, an issue listed by the attorney general in its docketing state-ment but not argued on appeal. We do not consider the district attorney's brief, and issues not briefed by the attorney general are deemed abandoned. *State v. Vogenthaler,* 89 N.M. 150, 548 P.2d 112 (Ct.App. 1976). An amicus must accept the case before the court with the issues as framed by the. parties. *St. Vincent Hospital v. Salazar,* 95 N.M. 147, 619 P.2d 823 (1980). The order suppressing the evidence is affirmed; the order dismissing the case is reversed, and the case is remanded for trial.

IT IS SO ORDERED.

WOOD and ALARID, JJ., concur.