**UNITED STATES of America, Plaintiff,**

v.

**Ronald W. SKEDDLE, et al., Defendants.**

**No. 3:95CR736.**

United States District Court, N.D. Ohio, Western Division.

March 5, 1999.

---

David W. Alexander, Roger D. Branigin, Squire, Sanders & Dempsey, Columbus, OH, Thomas S. Zaremba, Roetzel & Andress, Toledo, OH, for Intervenors.

William M. Connelly, Connelly, Soutar & Jackson, Toledo, OH, Peter R. Ginsberg, Gold & Wachtel, New York City, Robert Gold, McDermott, Will & Emery, New York City, J. Michael Murray, Berkman, Gordon, Murray & DeVan, Cleveland, OH, Jon D. Richardson, Sr., Kaplan, Richardson, Rost & Helmick, Toledo, OH, Barry S. Simon, Williams & Connolly, Washington, DC, Michael Sommer McDermott, Will & Emery, New York City, Brendan V. Sullivan, Jr., Williams & Connolly, Washington, DC, Sheldon S. Wittenberg, Wittenberg & Phillips, Toledo, OH, Marcie R. Ziegler, Williams & Connolly, Washington, DC, for Defendants.

Thomas A. Karol, Office of U.S. Attorney, Toledo, OH, Robert William Kern, Office of U.S. Attorney, Cleveland, OH, John E. Sullivan, Department of Justice, Washington, DC, for Plaintiff.

## ORDER

CARR, District Judge.

This is a criminal case in which the defendants have moved for an order requiring the government to cease its unauthorized use of trial subpoenas. (Doc. 1063). At defendants' request, a conference call was held in response to their motion, and the matter was taken under advisement.

For the reasons that follow, the motion shall be denied.

The defendants allege that the government acted improperly when its counsel, after procuring trial subpoenas for its witnesses, sent the subpoenas to those witnesses with a cover letter that stated:

> You have been subpoenaed to appear and testify in U.S. District Court in Toledo, Ohio in the above-referenced case. The trial is expected to last approximately four weeks.

> We will try to telephone you one to two weeks prior to trial to inform you on

which day your testimony will be required. In addition, we may want to schedule a pre-trial interview to go over your anticipated testimony. However, unless you hear from United States differently, you must appear on the date and at the location set forth in the subpoena.

Thank you for your cooperation in this matter. If you have any questions, please call IRS Special Agent Beth Merillat at (419) 241–0750.

The defendants claim that this letter was improperly coercive because it did not notify the recipients that they had a right not to meet with the government. As a result, the defendants argue, the letter created a false impression that the witnesses are required to submit to such pre-trial interviews.

■ Using a subpoena to compel witnesses to meet with the government contravenes the rule enunciated by the Sixth Circuit in *United States v. Keen,* 509 F.2d 1273, 1274 (6th Cir.1975), in which the court stated that there was "no question" that "obtaining blank trial subpoenas from the court clerk and ... using them to compel witnesses to attend an interview ... [is] highly improper." Under Fed. R.Crim.P. 17, the court pointed out a subpoena can be obtained and served only for the purpose of compelling the attendance of witnesses or the production of evidence at a formal proceeding.

In this case, the defendants do not contend that the subpoena on its face commands the witnesses to appear for a pretrial interview. Such command, they argue, is, however, implicit in the language of the cover letter quoted above, and results from the failure to notify the subpoenaed witnesses that they can choose not to appear for an interview if they do not want to.

■ Although the defendant's motion does not so recite, it appears to be calling on this court's supervisory power to regulate how the government communicates with its subpoenaed witnesses. That power emanates from every court's implicit authority to control the conduct of those appearing before it, and it enables a court to take remedial steps to avoid prosecutorial overreaching.

■ As described by the Supreme Court in *United States v. Hasting,* 461 U.S. 499, 505, 103 S.Ct. 1974, 1978, 76 L.Ed.2d 96 (1983), federal courts, pursuant to their supervisory powers,

may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress. The purposes underlying use of the supervisory powers are threefold: to implement a remedy for violation of recognized rights, to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before the jury, and finally, as a remedy designed to deter illegal conduct.

(Citations omitted).[1]

■ There is no "recognized right" to be told that you need not talk to the

---

1. The Sixth Circuit's exercise of the supervisory power has occurred only in situations in which procedures used by district courts confronted defendants with a clear loss of substantial and accepted rights. Thus, in *United States v. Waters,* 158 F.3d 933 (6th Cir.1998), the court required district courts to afford the right of allocution, clearly an important aspect of a sentencing hearing, at hearings to revoke supervised release. In *United States v. Florea,* 541 F.2d 568, 572 (6th Cir.1976), the court, responding to the playing by an F.B.I. agent of a tape recording for the jury during its deliberations, held that "without prior stipulation a trial court should not permit any unauthorized person especially one associated with either prosecution or defense to communicate with or otherwise have any contact with a jury in any proceeding." In imposing this rule, the court re-emphasized the importance of ensuring that no improper outside influence, however, subtle, could taint a jury's deliberations and verdict.

In other instances the court has declined to exercise its supervisory power, even though reasonable concern might arise about the consequences of not doing so. Thus, in *United States v. Bartel,* 19 F.3d 1105 (6th Cir. 1994), the court rejected a demand that it adopt the Second Circuit's per se rule of *United States v. Hinton,* 543 F.2d 1002 (2d

government. A police officer can stop a citizen, ask questions, and even secure consent to search without telling the citizen that he or she is free to leave. *Ohio v. Robinette,* 519 U.S. 33, 117 S.Ct. 417, 419, 136 L.Ed.2d 347 (1996). Even where the citizen is suspected of criminal conduct, he or she is not entitled to be told that he need not answer an officer's questions until such time has he or she has been taken into custody. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Given the latitude allowed to police officers to speak with-indeed, interrogate and search-citizens in circumstances which have a distinctly greater potential for coercion, there can be no doubt that the government can send a letter to a subpoenaed witness stating that it "may want to schedule a pre-trial interview" without also telling the witness that he or she need not respond to such request, or submit to such interview.

Telling a subpoenaed witness that the government "may want to schedule a pre-trial interview" does not implicate the integrity of the judicial process, or increase the likelihood that a conviction, were it to occur, would not rest "on appropriate considerations validly before the jury." And there is nothing illegal in the government's conduct in this case.

Thus, there is no cause for invoking this court's supervisory powers to have it tell the government what it must tell the witnesses on whom it serves trial subpoenas under Fed.R.Crim.P. 17. The defendants' motion is without merit.

It is, therefore,

ORDERED THAT the defendants' motion for an order requiring the government to cease its unauthorized use of trial sub-

Cir.1976), prohibiting a grand jury from returning an indictment against a defendant who has been given immunity before the same grand jury. Despite the concerns about grand juror bias that had led to the *Hinton* rule, the Sixth Circuit concluded that exercise of its supervisory power would not be appropriate.

poenas be, and the same hereby is, overruled.

So ordered.

In view of these cases, I find nothing in the decisions of the Sixth Circuit that lends any support to the defendants' motion. It is clear that our appellate court views its supervisory powers as extraordinary, and to be exercised with caution and only where recognized rights would be jeopardized if the court declined to act.