2006-NMCA-122

143 P.3d 192

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Jacklyn KOVACH, Defendant–Appellant.**

**No. 25,274.**

Court of Appeals of New Mexico.

Aug. 7, 2006.

Certiorari Denied, No. 29,994,
Sept. 18, 2006.

John Bigelow, Chief Public Defender, Will O'Connell, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

SUTIN, Judge.

{1} Defendant Jacklyn Kovach appeals her conviction on two counts of embezzlement over $2500, in violation of NMSA 1978, § 30–16–8 (1995). Defendant asserts that there was insufficient evidence that she was entrusted with the pre-signed checks which were the instrumentality of the embezzlement. She also argues that the alleged conversion of funds occurred in Texas, not New Mexico, and that if there were a crime, it was not subject to prosecution in New Mexico. We agree that there was insufficient evidence of entrustment and reverse. Because we reverse based on the first issue, we do not reach Defendant's second issue.

## BACKGROUND

{2} Defendant worked for the accounting department of Ace Conditioning Experts (ACE), located in Sunland Park, New Mexico. Rick Bacchus was one of several owners, and was the chief operating officer and vice president of ACE. His wife, Phyllis Bacchus, was the office manager for ACE and supervised the accounting department. Defendant's responsibilities included helping Mrs. Bacchus with payroll, performing data entry, printing checks for payroll and accounts payable, preparing cash receipts, writing up deposits, making bank deposits, cashing petty cash checks for the company, filing payroll items in a locked personnel filing cabinet, and writing memos. When Defendant would print checks she would then take them to Mrs. Bacchus for signature. Only Mr. and Mrs. Bacchus were authorized to sign checks for ACE.

{3} Mrs. Bacchus kept a filing cabinet in the accounting department, which contained employee files, titles, records, and payroll materials. The filing cabinet was kept locked. There is a discrepancy in the testimony as to whether only Mrs. Bacchus had a key or whether Federico Ramirez, another employee, also had a key to the filing cabinet.

Patricia A. Madrid, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, NM, for Appellee.

Only Mrs. Bacchus, Defendant, and Mr. Ramirez were allowed access to the filing cabinet. Defendant, as part of her duties, filed copies of checks and letters to employees in the filing cabinet; however, in order to do so, Defendant would ask Mrs. Bacchus for the key.

{4} When the Bacchuses would both leave town, they would leave pre-signed but otherwise blank checks with Mr. Ramirez and instruct him to keep the checks safe. Mr. Ramirez stored the pre-signed checks in the locked filing cabinet. Mrs. Bacchus was not certain, but she assumed that Mr. Ramirez kept the pre-signed checks in the locked filing cabinet, and Mr. Bacchus was not sure as to where the pre-signed checks were kept. Mrs. Bacchus testified that Defendant had "access" to ACE's bank account and was "entrusted" with the contents of the locked filing cabinet. However, Mrs. Bacchus also testified that Defendant was not "entrusted" with the pre-signed checks and that she was not "supposed to have them."

{5} Defendant was charged with embezzlement contrary to Section 30–16–8. Defendant was accused of taking two of the pre-signed checks from ACE, filling out each check to include an amount and a payee, and then enlisting the help of accomplices in El Paso, Texas to cash the checks.

{6} At the completion of the State's case, Defendant moved for a directed verdict, arguing that there was insufficient evidence to establish the entrustment element of embezzlement because there was no evidence that Defendant had been entrusted with the checks that she was accused of embezzling. The district court denied the motion for directed verdict, stating that the question of entrustment is one for the jury and that there was evidence that Defendant was "either entrusted with the contents of the filing cabinet which would include, arguably, pre-signed checks, and/or [Defendant was] entrusted with the finances of the company because of her position as being the one who types and writes out checks of various natures for the business." In support of the directed verdict motion, Defendant also argued that New Mexico lacked jurisdiction because the checks were cashed in Texas and

the checks had no monetary value until that time. The court denied the motion on this ground because the court found that sufficient actions were taken in New Mexico.

## DISCUSSION

### Standard of Review

{7} A motion for a directed verdict challenges the sufficiency of evidence. . . . In reviewing for the sufficiency of the evidence, the question is whether substantial evidence exists of either a direct or circumstantial nature to support a verdict of guilty beyond a reasonable doubt with respect to each element of the crime. The evidence is viewed in the light most favorable to the verdict and all conflicts are resolved in favor of the verdict.

*State v. Armijo*, 1997–NMCA–080, ¶ 16, 123 N.M. 690, 944 P.2d 919 (citations omitted).

### There was Insufficient Evidence of Embezzlement

{8} On appeal, Defendant asserts that the State did not prove entrustment, which is an element of embezzlement, in that it did not prove Defendant was in lawful possession of the property when she converted it to her own use. She asserts that "[n]either the checks, nor the ability to access funds, had been 'committed or surrendered' to her." She also argues that the mere fact of being an employee does not establish entrustment of the property. In contrast, the State argues that there is sufficient evidence of entrustment because Defendant's job entailed substantial involvement in financial transactions of ACE, it was Defendant's responsibility to write checks on the company account, and Defendant was one of only three people with access to the locked filing cabinet because Mrs. Bacchus trusted her.

{9} "Embezzlement consists of the embezzling or converting to his own use of anything of value, with which he has been entrusted, with fraudulent intent to deprive the owner thereof." § 30–16–8. " 'Entrustment' occurs when property is *committed or surrendered* to another with a certain confidence regarding the care, use, or disposal of that property." *State v. Archie*, 1997–

NMCA–058, ¶ 4, 123 N.M. 503, 943 P.2d 537 (emphasis added); *see* UJI 14–1641 NMRA. In this case, the jury was instructed in conformity with UJI 14–1641, including that it must find that "[D]efendant was entrusted with $6,798.00."

{10} Three New Mexico cases begin our inquiry into acts which constitute entrustment. In *State v. Peke,* 70 N.M. 108, 110, 371 P.2d 226, 227 (1962), the defendant worked for a company as an executive secretary and was convicted of embezzling checks from the company. Although the defendant had no specific authority to endorse checks for deposit, the court found entrustment because the defendant had implied authority to deposit checks. *Id.* at 116–17, 371 P.2d at 231–32. The "office was operated entirely under the direction and supervision of the defendant." *Id.* at 117, 371 P.2d at 232. "[P]ractically all checks and deposits were handled by the defendant personally." *Id.* An accountant "had some duties with respect to signing some of the checks" and making a cursory examination of the records every five or six months, but "in so doing [the accountant] accepted those records that the defendant . . . made available to him." *Id.* "There was no attempt to cross-audit or even cross-check the various funds." *Id.* For these reasons, our Supreme Court held that the defendant had implied authority over the checks and was in a position of trust, which established entrustment for the purposes of embezzlement. *Id.* at 116–17, 371 P.2d at 232.

{11} In *Archie,* 1997–NMCA–058, ¶¶ 1, 7, 123 N.M. 503, 943 P.2d 537, this Court held that the defendant, who agreed to wear an electronic monitoring device while on probation, was in lawful possession of the device because the State had turned the device over to the defendant and had relied on the defendant to act in a manner consistent with the State's interests with respect to the device. The defendant had even signed an agreement by which he accepted responsibility for the care and return of the device. *Id.* ¶ 7. We held that there was entrustment because the State committed the device to the defendant with a certain confidence that he would take care of it. *See id.*

{12} In *State v. Stahl,* 93 N.M. 62, 62–63, 596 P.2d 275, 275–76 (Ct.App.1979), this Court held that a night clerk who was " 'responsible for the entire store' " and who took money from a "drop-box" within the store was not entrusted with the money in the drop-box for the purposes of embezzlement. The defendant did not have keys to the drop-box, authority to get any money out of the box, or "permission to have possession of the money in the drop-box[.]" *Id.* at 63, 596 P.2d at 276. The only one authorized to take money from the drop-box was the manager. *Id.*

{13} Of these New Mexico cases, only *Stahl* lands close to the field before us in the present case. Outside New Mexico, we find *Batin v. State,* 118 Nev. 61, 38 P.3d 880 (2002), with its similar facts, close and persuasive. In *Batin,* the defendant worked as a slot machine mechanic for a casino and had access to the inside of the slot machines. *Id.* at 882. The defendant "had no duties with respect to the paper currency in the [slot machine], except to safeguard the funds," and was not to touch the paper currency. *Id.* The defendant was charged with three counts of embezzlement for taking paper currency from the slot machines. *Id.* at 882–83. The Supreme Court of Nevada concluded that there was insufficient evidence of entrustment. *Id.* at 883. The court stated that:

> In order to be guilty of embezzlement, a defendant must have been entrusted with lawful possession of the property prior to its conversion. . . . [A] showing that a defendant was given mere access to the property converted is insufficient. *Often, an individual is entrusted with access to a particular place or thing without being given dominion and control over the property therein.* This is particularly true in instances, like the present one, where the individual is expressly told that he is not allowed to touch the property in the place to which access is granted.

*Id.* at 883–84 (emphasis added) (footnotes omitted).

{14} In the present case, Defendant was not in lawful possession of the property she was convicted of embezzling. Unlike *Archie,*

in which the defendant was given possession of the monitoring device, Defendant in this case was never given possession of the pre-signed checks. Instead, Defendant's access was for purposes other than taking possession or control of the pre-signed checks. Further, this case is distinguishable from *Peke* because Defendant did not have implied authority over the pre-signed checks or the bank account. Nor was Defendant in a position of authority over the bank account or the pre-signed checks. She could not sign checks and she was not given possession of the pre-signed checks. Defendant only had access to the pre-signed checks because Mr. Ramirez stored them in the filing cabinet.

{15} However, more as in *Stahl* where the defendant was in charge of the store but not entrusted with the drop-box, and more particularly as in *Batin* where the defendant was given access to the inside of the slot machine but was not entrusted with the currency in the machine, in the present case, Defendant had access to the filing cabinet but she was not given dominion over the pre-signed checks within the filing cabinet. "[A] showing that a defendant was given mere access to the property converted is insufficient." 26 Am.Jur.2d *Embezzlement* § 23 (2006).

{16} It is not enough that Defendant was in a position of trust as an employee, or had access to the filing cabinet in which the pre-signed checks were kept. Defendant had access to the pre-signed checks solely because of her access to the filing cabinet for other specific purposes. Mrs. Bacchus entrusted and gave control of the pre-signed checks to Mr. Ramirez only, thereby expressly not entrusting the checks to Defendant. Although Defendant would fill out checks as part of her duties, Mrs. Bacchus had to sign them after they were filled out. Defendant had no discretion or authority in regard to pre-signed checks. We hold that there was insufficient evidence of entrustment. Because we find the entrustment issue dispositive, we do not reach Defendant's second point on appeal.

## CONCLUSION

{17} The judgment and sentence entered by the district court is reversed and the case is remanded for entry of a judgment of acquittal as to the embezzlement charges.

{18} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and MICHAEL E. VIGIL, Judges.