This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

> Plaintiff-Appellant,

v.                                              **NO. 30,152**

**DEBRA VILLALOBOS,**

> Defendant-Appellee,

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sam B. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

C. David Henderson
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

The State appeals from an order dismissing the case against Defendant due to prosecutorial misconduct. In this Court's notice of proposed summary disposition, we proposed to reverse. Defendant has filed a memorandum in opposition. We have

considered Defendant's arguments, and as we are not persuaded by them, we now reverse.

In this Court's notice of proposed summary disposition, we proposed to hold that the district court abused its discretion in dismissing the charges against Defendant. "The dismissal of criminal charges for prosecutorial misconduct is an extreme sanction that should be reserved for the most severe prosecutorial transgressions." *State v. Gonzales*, 2002-NMCA-071, ¶ 14, 132 N.M. 420, 49 P.3d 681. Generally, a defendant must demonstrate that she has been prejudiced by the State's misconduct before a dismissal of the charges is warranted. *See, e.g.*, *id.* ¶¶ 12-17 (holding that prosecutorial misconduct of failing to disclose the fact that the state had made a deal with a witness in exchange for his testimony and then standing silently when the witness stated under oath that such a deal had not been made did not warrant the extreme sanction of dismissal because the defendant's trial was not prejudiced by the misconduct).

The district court's order dismissing the case relied on both the State's improper use of an invalid subpoena and on what the court perceived to be the prosecutor's inconsistent statements regarding when the State knew that Defendant's child was under eighteen years of age. [RP 272] However, there was no evidence that Defendant's right to a fair trial was prejudiced by either the State's invalid subpoena or by any alleged misrepresentations the State may have made about when it first knew of Defendant's daughter's birth date. Neither was there any evidence that nothing short of dismissal would cure any harm to Defendant. Accordingly, we

proposed to hold that the district court abused its discretion in dismissing the charges in this case. *See State v. Eder*, 103 N.M. 211, 214, 704 P.2d 465, 468 (Ct. App. 1985) (reversing the dismissal of charges based on the prosecutor's misconduct of issuing invalid subpoenas when the defendant failed to demonstrate prejudice). To the degree that the district court found that the prosecutor had engaged in misconduct, we proposed to conclude that lesser sanctions should have been imposed. *See id.* (stating that where the defendant failed to prove he was prejudiced by the use of the invalid subpoenas, "[t]he appropriate remedy is ordering the illegally obtained evidence suppressed, rather than barring the prosecution altogether").

In Defendant's memorandum in opposition, she does not respond substantively to this Court's analysis regarding her failure to establish that she was prejudiced by any prosecutorial misconduct. Therefore she has conceded that dismissal was an inappropriate sanction for any general prosecutorial misconduct (as opposed to the more specific misconduct of prosecutorial vindictiveness) that occurred with respect to the invalid subpoena or the misrepresentations of fact. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that when a party's memorandum in opposition fails to respond to our proposed summary disposition of an issue, the party abandons any argument as to that issue).

Despite this concession, Defendant argues that affirmance is appropriate. Defendant contends that the basis of the dismissal was not the prosecutorial misconduct of issuing an improper subpoena and making misrepresentations of fact

3

to the district court, but instead prosecutorial vindictiveness. [MIO 1, 5-10] We decline to affirm on this basis.

A claim of prosecutorial vindictiveness alleges a form of prosecutorial misconduct that "constitutes a particularly severe, prejudicial, and repugnant due process violation." *State v. Brule*, 1999-NMSC-026, ¶ 5, 127 N.M. 368, 981 P.2d 782. Prosecutorial vindictiveness occurs when a prosecutor does an act "that would not have occurred but for hostility or punitive animus toward the defendant because [the defendant] exercised a specific legal right." *Id.* ¶ 10 (emphasis omitted) (internal quotation marks and citation omitted). Although Defendant's motion to dismiss based on prosecutorial misconduct did employ the term "prosecutorial vindictiveness" twice, the substance of the motion was addressed to Defendant's claim that the prosecutor improperly made use of an invalid subpoena in an attempt to require Defendant's daughter to testify. [RP 157-62] The only legal authorities cited in the motion were the Rules of Professional Conduct, and Defendant did not allege that the use of the invalid subpoena was a punitive act by the prosecutor that would not have occurred but for Defendant's exercise of a specific legal right. [RP 157-62] Defendant's sole specific argument with regard to prosecutorial vindictiveness asked why the prosecution was pursuing the case with "such vigor." [RP 160] Nothing in the motion would have put the State on notice that Defendant's argument with respect to the invalid subpoena—the primary focus of the motion—was in support of a claim of prosecutorial vindictiveness.

In its response, the State conceded that the subpoena had no legal validity, but argued that dismissal based on prosecutorial misconduct was inappropriate because Defendant could not show that she was prejudiced by the State's failure to subpoena her daughter. [RP 171-76] The State also argued that dismissal for prosecutorial vindictiveness was not warranted by the fact that the State was pursuing a felony charge against Defendant. [RP 176-78] The district court stated orally that it intended to grant the motion to dismiss. [RP 216] Prior to the entry of a written order, the State filed a motion to reconsider, in which it expressed concern that the district court's reason for the dismissal may have been based on the State's decision to charge Defendant with felony child abuse. [RP 227-31] The State argued that the fact that the arresting officer knew that Defendant's daughter was seventeen at the time of the incident did not demonstrate prosecutorial vindictiveness, since the State is not required to bring the most severe charges as soon as it learns of the factual basis for them. In Defendant's response to the State's motion to reconsider, she argued that the issue before the district court was not the fact that the State brought the child abuse charge, but rather the State's use of improper and invalid procedures to subpoena Defendant's daughter, and that this was the sole basis for dismissal. [RP 255-60] The district court issued an order dismissing the case for prosecutorial misconduct and an order denying the State's motion to reconsider. [RP 272-73, 274]

Where Defendant's motion to dismiss made no substantive arguments with respect to prosecutorial vindictiveness, where Defendant expressly denied that her motion was based on the filing of the felony child abuse charge, and where the district court's

5

order does not use the term prosecutorial vindictiveness, does not state that the prosecutor did anything as a result of Defendant's exercise of a specific legal right, and instead expressly dismisses the case based on the prosecutorial misconduct of issuing an invalid subpoena and making factual misrepresentations in court, we decline to affirm under a theory of prosecutorial vindictiveness. To affirm on a basis not relied on by the district court is inappropriate where the alternative basis requires factual development. *See State v. Wilson*, 1998-NMCA-084, ¶ 17, 125 N.M. 390, 962 P.2d 636. It was just such an affirmance that our Supreme Court rejected in a prior appeal in this case. [RP 119-21 (*State v. Villalobos*, No. 31,047, slip op. at 11-13 (N.M. Sup. Ct. June 25, 2009)]

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we reverse the dismissal of the charges against Defendant based on prosecutorial misconduct.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

6

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**CELIA FOY CASTILLO, Judge**